I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL PLF w/FORM (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-18-14

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LEE GLEASON, <br><br> Plaintiff, <br><br> v. <br><br> J. VILLAMARIN et al., <br><br> Defendants. | Case No. CV 14-00087-CBM (DFM) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On January 6, 2014, Plaintiff, a state prisoner, lodged a pro se civil rights complaint together with a request to proceed in forma pauperis. See Dkt. 1. The Court denied Plaintiff's in forma pauperis request with leave to amend within 30 days because he had not submitted a certified trust account statement or disbursement authorization. Dkt. 2. Plaintiff re-submitted his in forma pauperis request, which the Court granted on February 11, 2014. Dkt. 5, 6. Plaintiff's complaint was accordingly filed on the same date. Dkt. 7 ("Complaint").

The Complaint names three correctional officers from California State Prison – Los Angeles ("CSP-LA") as Defendants: J. Villamarin, R. Arias, and J. Wiard. Id. at 2-3. Plaintiff names each of the Defendants in his or her

individual capacity. Id. Plaintiff alleges that on December 2, 2012, Villamarin and Arias extracted Plaintiff from his cell and that Villamarin then deliberately stood on Plaintiff's ankle while being encouraged by Arias, causing an injury that prevented Plaintiff from walking for "several months" because "it's just not the same anymore." Id. at 4, 9. Plaintiff also alleges that during a disciplinary hearing on April 4, 2013, Wiard stood up and violently kicked a chair into him. Id. at 7. Plaintiff alleges that "the chair . . . hurt to[o]." Id. at 9. Plaintiff also alleges that during both incidents, all three Defendants make threatening remarks about Plaintiff's filing of inmate grievances and appeals, remarks which have chilled Plaintiff's exercise of his First Amendment right to petition the government for redress of grievances. Id. at 5-7, 10.

In accordance with 28 U.S.C. § 1915(e)(2) and 1915A, the Court has screened Plaintiff's Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading

1  standard . . . applies only to a plaintiff's factual allegations." <u>Neitzke v.
2  Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil
3  rights complaint may not supply essential elements of the claim that were not
4  initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th
5  Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).
6  Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has
7  held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to
8  relief' requires more than labels and conclusions, and a formulaic recitation of
9  the elements of a cause of action will not do. . . . Factual allegations must be
10 enough to raise a right to relief above the speculative level . . . on the
11 assumption that all the allegations in the complaint are true (even if doubtful in
12 fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955,
13 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); <u>see
14 also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that
15 to avoid dismissal for failure to state a claim, "a complaint must contain
16 sufficient factual matter, accepted as true, to 'state a claim to relief that is
17 plausible on its face.' A claim has facial plausibility when the plaintiff pleads
18 factual content that allows the court to draw the reasonable inference that the
19 defendant is liable for the misconduct alleged." (internal citation omitted)).

20       After careful review and consideration of the Complaint under the
21 foregoing standards, the Court finds that it suffers from the pleading
22 deficiencies discussed below. Accordingly, the Complaint is dismissed with
23 leave to amend. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)
24 (holding that a pro se litigant must be given leave to amend his complaint
25 unless it is absolutely clear that the deficiencies of the complaint cannot be
26 cured by amendment).
27 ///
28 ///

A. **Excessive Force Claim**

The Eighth Amendment prohibits the use of excessive physical force against inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment excessive force claim, the plaintiff must show that "the force used against him was applied, not in a 'good faith effort to maintain or restore order, [but] maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillan, 503 U.S. 1, 9 (1992)) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Plaintiff's allegations of excessive force against Villamarin and Arias are arguably sufficient to state a claim. It appears that Plaintiff was obeying the officers' demand to exit his cell and there does not appear to be any facts or circumstances that indicate that it was necessary for Villamarin to stand on Plaintiff's ankle. In fact, the contemporaneous comments allegedly made by Villamarin and Arias indicate that the use of force was not necessary. Although Arias did not directly impose the force, a plaintiff may predicate liability for excessive force on a failure to intervene. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's

4

Eighth Amendment rights by failing to intervene.").

Plaintiff's allegations of excessive force against Wiard are not sufficient to state a claim for relief. All Plaintiff alleges is that Wiard "stood up and violently kicked a chair into me." This bare-bones allegation, without more, is not sufficient to show that Wiard's use of force was of a sort repugnant to the conscience of mankind. Plaintiff's own description of his injury ("that hurt to[o]") suggests that this incident involved the kind of de minimis incident that falls short of a constitutional violation.

## B. Retaliation Claim

The First Amendment provides a right to petition the government for redress of grievances. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing California Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 510 (1972). This right includes an inmate's right to file prison grievances. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). Deliberate retaliation by a state actor against an individual's exercise of this right is actionable under section 1983. Morgan, 874 F.2d at 1314; see also Rhodes, 408 F.3d at 567.

To state a viable claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must show five basic elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Brodheim, 584 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68). To satisfy the causation element, plaintiff must show that his constitutionally-protected conduct was a "substantial or motivating factor" for the alleged retaliatory action. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287

1  (1977); Brodheim, 584 F.3d at 1271. The chilling inquiry is governed by an
2  objective standard, and "the infliction of harms other than a total chilling effect
3  can [also] establish liability" for retaliatory conduct. See, e.g., Rhodes, 408
4  F.3d at 569; Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000); Mendocino
5  Envtl. Center v. Mendocino Cty., 192 F.3d 1283, 1300 (9th Cir. 1999).
6  Plaintiff bears the burden of pleading and proving the absence of legitimate
7  correctional goals for the conduct of which he complains. Pratt v. Rowland, 65
8  F.3d 802, 806 (9th Cir. 1995).
9      Although Plaintiff alleges that his conduct and activities were chilled by
10 Defendants' threatening remarks, Plaintiff offers no specific facts in support of
11 this claim. By so failing, Plaintiff runs up against the Supreme Court's
12 admonition that "a formulaic recitation of the elements of a cause of action
13 will not do." Twombly, 550 U.S. at 555. Plaintiff's Complaint does not contain
14 facts about what was chilled; indeed, it appears to the Court from Plaintiff's
15 own allegations that he was not chilled by the Defendants' threatening
16 remarks.
17                                              **********
18      If Plaintiff still desires to pursue his claims against Defendants, he shall
19 file a First Amended Complaint within thirty-five (35) days of the date of this
20 Order. Plaintiff's First Amended Complaint should bear the docket number
21 assigned in this case; be labeled "First Amended Complaint"; and be complete
22 in and of itself without reference to the original Complaint or any other
23 pleading, attachment or document. The Clerk is directed to send Plaintiff a
24 blank Central District civil rights complaint form, which Plaintiff is
25 encouraged to utilize.
26 ///
27 ///
28 ///

1 | **Plaintiff is admonished that, if he fails to timely file a First Amended
2 | Complaint, the Court will recommend that this action be dismissed with
3 | prejudice for failure to diligently prosecute.**
4 |
5 | Dated: February 18, 2014
6 |
7 |
8 | DOUGLAS F. McCORMICK
  | United States Magistrate Judge